IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **STACEY SEWELL**, *non compos mentis*,  ` )<br>**by and through her mother and next friend,** )<br>**ANNIE SEWELL;  and ANNIE SEWELL**, )<br>**in her individual capacity,**                  )<br>                                                                  )<br>                      Plaintiffs,                       )<br>                                                                  )<br>**vs.**                                                          )<br>                                                                  )<br>**BARGE, WAGGONER, SUMNER &**        )<br>**CANNON, INC., a corporation; APAC**   )<br>**SOUTHEAST, INC.**, **a corporation**; **and**  )<br>**APAC, INC., a corporation,**                  )<br>                                                                  )<br>                      Defendants.                    )  | Civil Action Number<br>**5:07-cv-0447-UWC** |

**FINAL JUDGMENT AND ORDER APPROVING**
***PRO TANTO* SETTLEMENT BETWEEN PLAINTIFF AND**
**THE APAC DEFENDANTS**

Consistent with the accompanying Findings of Fact and Conclusions of Law, the *pro tanto* settlement between the incapacitated adult Plaintiff and the APAC Defendants is hereby APPROVED.

The APAC Defendants shall pay to Guardian *ad litem* J. Richet Pearson the sum of $5,752.50 as a reasonable fee for her services rendered herein and reimbursement of her expenses.

After deduction of attorneys' fees and litigation expenses as provided in the

Settlement Agreement, the remaining balance shall be placed into an interest bearing account with First Commercial Bank in Birmingham, Alabama. The proceeds shall be held in this account until the final disposition of all claims in the case.

After the disposition of Plaintiff's claims against BWSC, the Court will hear and determine the issues of subrogation, and, if appropriate, allocation of litigation expenses among the Defendants.

The Court expressly finds and concludes that this settlement is solely and exclusively for payment of compensatory damages for personal injuries suffered by the Plaintiff, and it does not involve punitive damages in any respect. Pursuant to applicable Internal Revenue Service regulations, particularly § 104(a)(2), the settlement funds should be excluded from gross income.

Upon payment of the $400,000 to Plaintiff's counsel, the APAC Defendants, their parent and subsidiary companies, successors, predecessors, assigns, shareholders, directors, officers, employees, attorneys and agents shall be forever released and discharged from any liabilities otherwise arising from the accident described in the complaint, including but not limited to all claims and/or liens by medical providers, doctors, hospitals, medical payors or subrogors, Medicare, and Medicaid.

Plaintiff's claims against the APAC Defendants are hereby DISMISSED, with prejudice.

_____
U.W. Clemon
United States District Judge